IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS M. LUZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 7709 |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Dennis M. Luza ("Luza) has brought an action against defendant JPMorgan Chase Bank, N.A. ("Chase") seeking declaratory relief pursuant to section 2-701 of the Illinois Code of Civil Procedure. (Dkt. No. 17 ("Am. Compl.").) Luza seeks a declaration regarding both parties' rights and obligations under a promissory note ("Note") in favor of Chase, which Luza entered into on February 29, 2008. (Am. Compl., Ex. A ("Note") at 1.) Now before the court is Chase's "Motion to Dismiss Plaintiff's First Amended Complaint." (Dkt. No. 22 ("Motion").) For the reasons explained below, that motion is denied.

BACKGROUND

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must "tak[e] the factual allegations pleaded by the plaintiff[] as true and draw[] all reasonable inferences in [his] favor." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010). Accordingly, the court accepts as true the following version of facts as alleged by Luza in his Amended Complaint.

In January of 2008, Luza sought to refinance two mortgages on property he owned through Chase. (Am. Compl. ¶ 8.) The first mortgage was serviced by Citimortgage in the amount of $147,200, and the second mortgage was serviced by Taylor, Bean, and Whitaker ("Taylor") in the amount of $36,600. (*Id.* ¶ 7.) Chase issued a Commitment Letter to Luza on February 28, 2008, in which it agreed to refinance Luza's mortgages provided that certain conditions were met at closing. (*Id.* ¶ 9.) Among the conditions required in the Commitment Letter were that "[t]he following debts must be satisfied at closing: Citimortgage $147,200 and Taylor, Bean and Whitaker $36,643; clear title with chase in 1st lien position." (*Id.*, Ex. B ("Commitment Letter") at 6.) Either Chase or Elite Mortgage Co. ("Elite"), the loan broker, selected PLM Title Co. ("PLM") to act as the closing agent for the transaction. (Am. Compl. ¶ 8.)

On approximately February 29, 2008, Chase transferred $190,800 to PLM for the purpose of paying off Luza's two previous mortgages. (*Id.* ¶ 10.) PLM then proceeded to close the loan from Chase to Luza without paying off the Citimortgage or Taylor mortgages. (*Id.*) Furthermore, PLM placed Chase's mortgage behind Citimortgage on the title, contrary to the terms of the Commitment Letter. (*Id.* ¶¶ 10, 16, Ex. D ("Chain of Title"); Commitment Letter 6.) PLM went out of business on approximately April 1, 2008, and is currently the subject of a criminal investigation by the Wheaton Police Department. (Am. Compl. ¶ 12.)

Elite followed up with PLM on an unspecified date in April of 2008 after being informed by Luza that his previous mortgages had not been paid off by PLM. (*Id.* ¶ 13, Ex. E.) PLM then paid off the Taylor mortgage; however, the Citimortgage remains unpaid. (*Id.*) As a result, Luza now has a mortgage debt of approximately $337,200 instead of the approximate $183,800 he

owed before he sought to refinance his mortgages with Chase. (*Id.* ¶ 15.) Luza continued to make monthly payments on both the Chase and Citimortgage mortgages until March of 2009, when he ceased making payments to Chase. (*Id.* ¶ 18.)

On November 9, 2009, Luza filed an action for declaratory relief in the Circuit Court of Cook County, which was removed to this court on December 11, 2009. (Dkt. No. 23 ("Chase's Mem.") at 2-3.) In Luza's Amended Complaint he seeks that this court, inter alia, "determine and adjudicate the rights and liabilities of the parties under the terms of the Note," and "find and declare that Dennis Luza has an obligation to repay to Chase $36,600, the only portion of the face amount of the note ever provided to him by Chase." (Am. Compl. 6 (mislabeled as ¶ 19).)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, a complaint must state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must "tak[e] the factual allegations pleaded by the plaintiff[] as true and draw[] all reasonable inferences in [her] favor." *London*, 600 F.3d at 745.

ANALYSIS

Chase submits that Luza's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for three reasons: (1) Luza is improperly trying to hold Chase vicariously liable for PLM's fraud; (2) there is no justiciable controversy between the parties; and (3) Luza is improperly seeking reformation of the contractual agreement between himself and Chase. For the reasons explained below, the court is not persuaded by Chase's arguments.

Chase characterizes Luza's Amended Complaint as seeking to hold Chase vicariously liable for the actions of its agent, PLM. Chase argues that PLM was acting outside the scope of its authority and, therefore, PLM's fraudulent conduct cannot be imputed to Chase. The court is not persuaded that Luza's claim is premised on a theory of vicarious liability. Rather, Luza alleges that Chase is directly liable "for its failure, regardless of the theft by PLM, to fulfill a material term of the contract between them, i.e., to fully fund the refinance by paying off the Citimortgage loan." (Dkt. No. 25 ("Resp.") at 2.) Luza argues that Chase's obligations under the Note required the Citimortgage loan to actually be paid off, and were not fulfilled by simply transferring money to PLM. Consequently, the court finds that because Luza does not seek to hold Chase liable based on its agency relationship with PLM, a dismissal of Luza's Amended Complaint on the ground that Chase is not vicariously liable for PLM's actions would be inappropriate.

Chase further contends that the Amended Complaint should be dismissed for lack of an actual controversy regarding the Note. According to Chase, Luza incorrectly reasons that "due to PLM's fraud, there is now a controversy as to whether Luza is liable to repay $154,000 of the

total loaned to him." (Mem. 7-8.) Again, this court does not agree with Chase's interpretation of Luza's claim. Luza's contention is that Chase never actually made the approximate $154,000 in question available to him, and, therefore, Chase did not loan him this amount. (*See, e.g.,* Am. Compl. ¶ 19 (alleging a "material failure of consideration on Chase's part").) Accordingly, the court holds that there is a justiciable controversy between Chase and Luza.

Chase finally submits that Luza is improperly requesting a reformation of the Note. A reformation of a contract is proper when "at the time the [contract] was reduced to writing and executed, some agreed-upon provision was omitted or one not agreed upon was inserted either through mutual mistake or through mistake by one party and fraud by the other." *Wheeler-Dealer, Ltd. v. Christ*, 885 N.E.2d 350, 355 (Ill. App. 2008). While the court agrees that it is unlikely that reformation would be appropriate in this case, the court cannot determine whether the relief Luza seeks is, in fact, a reformation of the parties' contract until the court has examined and evaluated the written terms of their agreement. Therefore, the court is unable to rule on this issue at this stage of the litigation.

## CONCLUSION

Chase's "Motion to Dismiss Plaintiff's First Amended Complaint" (Dkt. No. 22) is denied for the reasons stated above. Chase's Answer is due on or before July 30, 2010. Counsel for all parties are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before August 10, 2010. Status hearing set for August 17, 2010 at 9:00 a.m. for purposes of scheduling further dates. The parties are encouraged to discuss settlement.

ENTER:

_James F. Holderman_

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: July 15, 2010